IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
AT SOUTH BEND

VALERIE R. BILINS
109 TALISMON DR.                                    CASE NO.
CRYSTAL LAKE, ILLINOIS 60012

    PLAINTIFF
                                                                         COMPLAINT AND JURY DEMAND
    - VS. -

THOR MOTOR COACH, INC.
C/O CT CORPORATION SYSTEM, S/A
334 NORTH SENATE AVENUE
INDIANAPOLIS, IN 46204

    DEFENDANT

---

**PRELIMINARY STATEMENT**

1. This case involves a defective 2022 Thor Outlaw 38KB Class A recreational vehicle ("RV") riddled with a laundry list of substantial defects, and which Defendant Thor Motor Coach, Inc. failed to repair despite 5 repair opportunities and over 197 days in the warranty repair shop.

2. This case involves claims asserted under the Indiana or Illinois Uniform Commercial Code and the Magnuson Moss Warranty Act.

3. Jurisdiction exists with this court because a federal claim exists in which there is more than $50,000 in controversy under 15 USC 2301 et seq, invoking 28 USC 1331, and/or the amount in controversy is more than $75,000 and is between citizens of different states, invoking 28 USC 1332.

4. The RV which is the subject of this dispute was acquired by Plaintiff at Defendant

- 1 -

Thor Motor Coach, Inc.'s authorized dealer in Illinois and was defective when acquired, the RV was built and warranted by Defendant Thor Motor Coach, Inc. in final form in Indiana, ineffective warranty repair attempts were made upon the subject RV by Defendants' authorized dealerships in Illinois, Defendant Thor Motor Coach, Inc. controlled the speed and processing of warranty repairs from Indiana, Defendant Thor Motor Coach, Inc. controlled the decision to approve or deny warranty coverage for repairs in Indiana, the place where the relationship of the parties arose is Indiana and Illinois, because Plaintiff received the Defendant's limited warranty in Illinois with the purchase of the RV, and Defendant drafted and issued the limited warranty which was adhesive in nature in Indiana, and Defendant Thor Motor Coach, Inc. advertised and solicited the sale of the RVs which it manufactured, in whole or in part, including Plaintiff's RV, in both Indiana and Illinois.

## IDENTIFICATION OF PARTIES

5. Valerie Bilins is a natural person, is a citizen of Illinois, is domiciled in Illinois, resides in Illinois, and is a consumer and buyer within the meaning of applicable laws.

6. Defendant Thor Motor Coach, Inc. was at all times relevant a corporation doing business in Illinois and elsewhere and is the manufacturer of the subject RV that Plaintiff acquired from General RV Center, Inc., in Huntley, Illinois. Defendant is a Delaware corporation with its principal place of business in Indiana, and is domicile in Indiana and is a citizen and resident of Indiana. Defendant was, at all times relevant, engaged in the business of selling and servicing recreational

      motor vehicles through its authorized dealerships and agents, including General RV Center, Inc., in Illinois and elsewhere.

7. The RV at issue in this case was manufactured as a complete vehicle in Indiana, for distribution in Illinois, Indiana, and elsewhere, and was warranted in whole or part by Defendant Thor Motor Coach, Inc.

8. The Plaintiff acquired the subject RV from General RV Center, Inc. ("General RV"), in Huntley, Illinois, General RV performed pre-sale warranty repairs on the subject RV, and Plaintiff presented the subject RV for repairs under Defendant Thor Motor Coach, Inc.'s warranty to General RV. At all times relevant, General RV was a supplier, merchant and an authorized representative and agent of Thor Motor Coach, Inc. in Illinois for the sale and servicing of Thor Motor Coach, Inc. products in Illinois. At all times relevant, General RV was authorized by Thor Motor Coach, Inc. to act for it as its authorized agent and representative in Illinois in all respects related to the sale of the recreational vehicle involved in this case and the attempted performance of warranty repair and service work upon the subject new Thor Motor Coach, Inc. recreational vehicle, and hundreds of other Thor Motor Coach, Inc. products sold by General RV.

9. The Plaintiff presented the RV for repairs to Camping World RV Sales – Island Lake ("Camping World"), in Island Lake, Illinois, and Camping World performed warranty repairs on the subject RV. At all times relevant, Camping World was a supplier, merchant and an authorized representative and agent of Thor Motor Coach, Inc. in Illinois for the servicing of Thor Motor Coach, Inc. products in Illinois. At all times relevant, Camping World was authorized by Thor Motor

Coach, Inc. to act for it as its authorized agent and representative in Illinois in all respects related to the attempted performance of warranty repair and service work upon the subject new Thor Motor Coach, Inc. recreational vehicle.

**FIRST CLAIM: BREACH OF WARRANTY AND/OR CONTRACT**

10. This case involves a defective 2022 Thor Outlaw 38KB recreational vehicle that Defendant warranted and contracted to warrant but which it was not able to repair within a reasonable number of chances or a reasonable amount of time and whose warranty and/or contract Defendant breached.

11. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

12. This claim is for breach of warranty and/or contract by Defendant in Indiana and/or Illinois.

13. As a result of the above, and the allegations below, inter alia, Defendant breached its warranty and/or contract to the injury of Plaintiff.

14. At all times relevant, General RV was a supplier and merchant and an authorized representative and agent of Defendant. General RV was authorized by Defendant to act for it in all respects related to the sale of the subject RV and warranty repair work performed or attempted on the subject RV.

15. On or about November 9, 2021 the parties entered into a consumer transaction, in that Plaintiff agreed to acquire from General RV, and General RV agreed to sell to Plaintiff, under the terms of a finance agreement with Bank of the West, and Defendant contracted and/or agreed to warrant the RV to be free from defects and/or that it would repair and/or replace any defect which it contracted and/or

warranted against, the goods being a certain 2022 Thor Outlaw 38KB recreational vehicle believed to bear VIN # 1F66F5DN7M0A08763, and whose total cost including down payment and financing was about $385,559.20.

16. Plaintiff acquired the RV in reliance on the existence of a written warranty and/or contract from Defendant and on advertising representations and/or warranties of Defendant.

17. The purpose of Defendant's warranty was (a) to get the RV fixed within a reasonable amount of time and within a reasonable number of attempts if a defect arose, and (b) to give Plaintiff confidence in the reliability and quality of the RV, and (c) to give Plaintiff confidence in the Defendant's representations about the subject RV and the RVs Defendant designed and built, and (d) to give Plaintiff confidence in Defendant itself as a responsible company that lived up to its representations, its word, and its warranties.

18. After acquiring the RV, Plaintiff discovered that it did not conform to the representations of Defendant inasmuch as it developed continuing malfunctions, defects and problems.

19. The defects in the RV, which were substantial and existed in the materials and workmanship caused by Thor Motor Coach, Inc., included, but are not limited to, Plumbing Leaks at Bathroom and Kitchen Sinks, A/C System Blowing Insulation, Main Entrance Grab Handle Covered in Epoxy, Drivers Side Loft Window Leaks, Back Auto Stairs Don't Retract, Engine Compartment Doesn't Lock, Not Secure, Gen Bay Door Doesn't Lock, Not Secure, Left Reverse Light Inoperative, Fresh Water Tank Level Incorrect, Propane Sensor Doesn't Match Tank, Front Door

Handle to Be Replaced, Main Entrance Door Handle Paint Doesn't Match Up, Cover for Steering Wheel Screw too Long Interferes with Tilting, Lock for Rear Entry Does Not Work & No Keys Issued, Exhaust Hanger Broken, Garage Outlets No Power, Winegard Not Operational, Test Back Door Keys, Solar Panel not Operating, Check Outlets, Many Don't Work, Entry Door Hard to Open / Close, Bathroom GFI Trips / Won't Reset, Back Door Doesn't Lock / Unlock Correctly, Over Bunk Stuck, Ladder for Over Driver Doesn't Fit, Drawer in Bedroom off Track, Wifi Button Does Not Do Anything, Back Seams Broken / Cracked, Small Bay Near LP Does Not Line Up, Window Above Couch Does Not Latch, Overhead Bunk Pin to Keep Up is Broken, Drivers Side Rear Quarter Panel Sticking Out, Back Roof Piece Cracked, Paint Back End, Body Damage from General RV, Water Heater Resets During Shower, Cabinet Door Above Kitchen Door Won't Stay Latched, USB in Garage By Bed Makes Noise When Use It, All Screens LR / Kitchen are Missing Tab to Hold in Place, Front Side Entry Door Will Not Stay Latched When Closed and Difficult to Open Once Closed, and more.

20. Defendant was notified of defects and non-conformities in the RV and the authorized repair facility's failed repair attempts repeatedly prior to filing this case.

21. In all respects, Plaintiff substantially if not completely performed her obligations under the RV's warranty from Thor Motor Coach, Inc. and Thor Motor Coach, Inc. did not perform its obligations, as set forth herein above and below.

22. Because of the contract and/or warranty-covered defects, Plaintiff notified Defendant and/or one of its authorized servicing dealers of the numerous defects

and on various dates delivered the motor coach into the possession of Defendant and/or one of its authorized servicing dealers at her cost and/or expense beginning shortly after the sale.

23. On or about November 9, 2021, on the date of purchase, Plaintiff presented the RV to General RV, Thor Motor Coach, Inc.'s factory warranty authorized repair shop, for about 1 day for repair of the following defects under the Thor Motor Coach, Inc. warranty:

- Plumbing Leaks at Bathroom and Kitchen Sinks;
- A/C System Blowing Insulation;
- Front Side Entry Door Will Not Stay Latched When Closed and Difficult to Open Once Closed;
- Main Entrance Grab Handle Covered in Epoxy.

However, defects continued to arise, and the RV was back in the repair shop for warranty repairs just 10 days later.

24. On or about November 19, 2021, Plaintiff presented the RV to General RV, Thor Motor Coach, Inc.'s factory warranty authorized repair shop, for about 10 days for repair of the following defects under the Thor Motor Coach, Inc. warranty:

- Drivers Side Loft Window Leaks;
- Back Auto Stairs Don't Retract;
- Engine Compartment Doesn't Lock, Not Secure;
- Gen Bay Door Doesn't Lock, Not Secure;
- Left Reverse Light Inoperative;
- Fresh Water Tank Level Incorrect;
- Propane Sensor Doesn't Match Tank;
- Front Door Handle to Be Replaced;
- Main Entrance Door Handle Paint Doesn't Match Up;
- Cover for Steering Wheel Screw too Long Interferes with Tilting;
- Lock for Rear Entry Does Not Work & No Keys Issued; and
- Exhaust Hanger Broken.

However, defects continued to arise, and the RV was back in the repair shop for

warranty repairs soon after the holidays.

25. On or about January 26, 2022, Plaintiff presented the RV to General RV, Thor Motor Coach, Inc.'s factory warranty authorized repair shop, for about 23 days for repair of the following defects under the Thor Motor Coach, Inc. warranty:

- Garage Outlets No Power;
- Winegard Not Operational;
- Test Back Door Keys;
- Solar Panel Not Operating;
- Check Outlets, Many Don't Work;
- Entry Door Hard to Open / Close;
- Bathroom GFI Trips / Won't Reset; and
- Back Door Doesn't Lock or Unlock Correctly.

However, defects continued to arise and others were not fixed, and the RV was back in the repair shop for warranty repairs yet again.

26. On or about July 13, 2022, Plaintiff presented the RV to General RV, Thor Motor Coach, Inc.'s factory warranty authorized repair shop, for about 99 days for repair of the following defects under the Thor Motor Coach, Inc. warranty:

- Over Bunk Stuck;
- Ladder for Over Driver Doesn't Fit;
- Window Over Couch, Screen Doesn't Latch;
- Drawer in Bedroom off Track;
- Wifi Button Does Not Do Anything;
- Drivers Side Rear Quarter Panel Sticking Out;
- Back Seams Broken / Cracked;
- Small Bay Near LP Does Not Line Up
- Window Above Couch Does Not Latch;
- Overhead Bunk Pin to Keep Up is Broken;
- Water Heater Resets During Shower;
- USB in Garage By Bed Makes Noise When Use It;
- Drivers Side Rear Quarter Panel Sticking Out;
- Back Roof Piece Cracked;
- Paint Back End.

However, despite multiple and repeated repairs, many of the RV's defects were

- 8 -

still not fixed and the RV was soon back in the repair shop yet again.

27. On or about December 6, 2022, Plaintiff presented the RV to Camping World, Thor Motor Coach, Inc.'s factory warranty authorized repair shop, for about 64 days for repair of the following defects under the Thor Motor Coach, Inc. warranty:

- Body Damage from General RV;
- Water Heater Resets During Shower;
- Cabinet Door Above Kitchen Door Won't Stay Latched;
- USB in Garage By Bed Makes Noise When Use It; and
- All Screens LR / Kitchen are Missing Tab to Hold in Place.

However, despite multiple and repeated repairs, many of the RV's defects were still not fixed.

28. Plaintiff had numerous phone calls with Thor Motor Coach, Inc. and its dealers and/or other entities for help with the RV and during most if not all of these, Plaintiff was in Illinois, Thor Motor Coach, Inc. was in Indiana, and Thor Motor Coach, Inc.'s authorized dealer was in Illinois.

29. After being in the repair shop about 5 times, out of service for warranty repairs a total of about 197 days, and accumulating about 32 defects since its acquisition, Plaintiff:

   a. Requested that an independent service shop of her choice perform repairs and have Thor Motor Coach, Inc. pay for them, but the independent service shop would not do that; and

   b. Notified Defendant that the RV's defects were incurable and requested that Defendant pay her diminished value damages, but Defendant would not do that.

30. In spite of Defendant's obligations, when Plaintiff complained of the inability of Defendant and its authorized warranty-repair facility to repair the RV, Defendant did not repair or replace the subject RV, or pay diminished value damages.

31. Prior to filing this case, including on January 31, 2022 and one or more other dates, Plaintiff provided notice to Defendant about its failures to live up to its warranty and/or contract.

32. Instead of performing as represented, Defendant did not repair all defects in the RV once and for all time. In short, the defects were not repaired, Plaintiff lost all confidence in the reliability and quality of the RV, and Plaintiff lost all confidence in Thor Motor Coach, Inc. as a company.

33. As a result both the repair remedy and back-up remedy failed of their essential purpose, and Defendant breached its express and/or implied warranties and/or contract.

34. As a result, Defendant's warranty and/or contract failed of its essential purpose and any limitations contained within the warranty and/or contract are null and void and Plaintiff are entitled to all applicable legal and equitable remedies in law.

35. In addition, any limitations contained within the warranty and/or contract are null and void and without consideration and Plaintiff are entitled to all applicable legal and equitable remedies in law.

36. Through its advertising and otherwise, Defendant represented that the recreational vehicles it built were fit for the purpose for which they were designed, that they are safe and suitable RVs for their intended designed use,

reliably operable for private transportation and Plaintiff acquired the RV in reliance upon the belief that Defendant possessed a high degree of manufacturing skill and judgment.

37. Through its advertising and otherwise, Defendant represented that the recreational vehicles which it manufactured were of merchantable quality, fit and in proper condition for the ordinary use for which such RVs are designed and used, and Plaintiff relied on such, but the RV involved in this case was not, however, of merchantable quality.

38. The malfunctions and defects in the RV severely and substantially impaired its use and/or safety and/or value to Plaintiff.

39. Defendant's failure to timely fix all of the RV's defects has caused Plaintiff to lose confidence in the reliability of the subject RV and in the ability of Defendant to repair the RV's defects.

40. Plaintiff provided Defendant and/or one or more of its authorized dealers with a reasonable number of opportunities to repair the RV but they have each neglected, failed, refused or otherwise been unable to do so within a reasonable amount of time or a reasonable number of attempts.

41. As a result of the above facts, Defendant breached its warranties and/or contract and/or representations with respect to the RV.

42. One or more of the defects and malfunctions in the RV were covered under the terms of Defendant's warranties and/or contract, and Defendant failed to repair the RV, thereby diminishing the use and/or safety and/or value of the RV.

43. Defendant and/or one or more of its authorized dealers had notices of the

breaches of the warranty and/or contract and the defective condition of the subject RV within a reasonable time.

44. Plaintiff suffered and shall continue to suffer actual, incidental and consequential damages as a direct and proximate result of the inability or other failure of Defendant's authorized representatives to repair or replace the RV or pay diminished value damages.

### SECOND CLAIM: MAGNUSON MOSS WARRANTY ACT

45. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

46. This claim is for breach of express and/or implied warranties and/or contract of warranties and/or Defendant's violation of its obligations under the Magnuson-Moss Warranty Act, 15 U.S.C. 2301, et seq, including but not limited to its obligations to comply with its warranties and/or contract and/or to make its warranty term disclosures and its actions in full compliance with all provisions of the Warranty Act and its applicable regulations.

47. As a result of the above, among other things, Defendant has breached its obligations under the Warranty Act and/or its applicable disclosure and/or other regulations.

48. As a result of the above, among other things, Defendant breached its obligations to make its warranty term disclosures and its actions in full compliance with all provisions of the Warranty Act and the applicable Code of Federal Regulations.

49. As a result of the above, inter alia, Defendant is in violation of the Warranty Act.

**WHEREFORE**, judgment is demanded against Defendant as deemed proper

and lawful by the Court, cumulatively and/or alternatively as follows:

## PRAYER FOR RELIEF

1. On the first claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for more than $50,000 and in such amount as may be proven at trial;

2. On the second claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for each and every violation that may be proven at trial;

**Plus** on each and every claim, expenses of suit and litigation, interest from the date of acquiring the RV, and reasonable attorney fees, plus all costs, and any and all other legal and equitable relief deemed necessary and just.

## ALTERNATIVE PRAYER FOR RELIEF

Or, in the alternative to the damages set forth in the prayer above on any appropriate claim as proven by the evidence and allowed by law, rescission and/or revocation of acceptance plus all damages and/or statutory remedies and relief as deemed proper, equitable and lawful by the Court, for each and every violation which may be proven at trial;

**Plus** on each and every claim, expenses of suit and litigation, interest from the date of acquiring the RV, and an Order finding Plaintiff to have rescinded and/or revoked acceptance, reasonable attorney fees, plus all costs, and any and all other legal and equitable relief deemed necessary and just.

## JURY DEMAND

Plaintiff demand trial by jury on all claims and issues.

Respectfully submitted,

/s/ Elizabeth Ahern Wells_____
ELIZABETH AHERN WELLS
Attorney for Plaintiff
8250 Washington Village Drive
Dayton, OH 45458-1850
Telephone: 937.432.9500
Fax: 937.432.9503
Email: Beth@BurdgeLaw.com

Y:\data\Bilins, Valerie\Core Pleadings\Core Complaint 030323 bw.wpd